**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **INEZ PHILLIPS**<br>3601 Willys Parkway<br>Toledo, Ohio 43612 | \* | Case No. |
| | \* | Judge |
| Plaintiff, | \* | **COMPLAINT; JURY DEMAND**<br>**ENDORSED HEREON** |
| v. | \* | |
| **AMERICAN RED CROSS**<br>**BLOOD SERVICES**<br>**Western Lake Erie Region**<br>1111 Research Dr.<br>Toledo, Ohio 43615 | \* | Francis J. Landry   (0006072)<br>**WASSERMAN, BRYAN, LANDRY**<br> **& HONOLD LLP** |
| | \* | 1090 W. South Boundary St<br>Suite 500 |
| Defendant. | \* | Perrysburg, Ohio 43551<br>Telephone:  (419) 243-1239 |
| | \* | Facsimile:  (419) 243-2719<br>Flandry308@aol.com |
| | \* | Attorney for Plaintiff<br>Inez Phillips |

\*   \*   \*   \*   \*   \*   \*   \*   \*

**JURISDICTION**

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 known as this Court's federal question jurisdiction.  Plaintiff brings claims against Defendant pursuant to 42 U.S.C. Section 1981 known as the Civil Rights Act of 1866, 1871 which proscribes racial discrimination in employment.  Plaintiff also brings claims pursuant to the Civil Rights Act of

1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq. Plaintiff further invokes this Court's supplemental jurisdiction over state law claims of racial discrimination and retaliation pursuant to 28 U.S.C. Section 1367.  On May 30, 2019, Plaintiff filed an charge with the United States Equal Employment Opportunity Commission on the basis of race and retaliation, Charge No. 22A-2019-02382C. A copy of this charge is hereto annexed and marked as Exhibit A and incorporated by reference and made a part hereof. On May 12, 2020, the District Director of the EEOC mailed Plaintiff a copy of a notice of right to sue advising her of her right to file suit in an appropriate federal court within ninety (90) days of the receipt of her notice. Plaintiff states that she received  her notice on or after May 13, 2020. A copy of Plaintiff's notice of right to sue is attached hereto as Exhibit B.

## PARTIES

2. Plaintiff, Inez Phillips, is a citizen of the United States and a resident of the City of Toledo, Lucas County, Ohio, who has been employed by Defendant since December 9, 2009.  At all times material hereto, Plaintiff was an employee of an employer within the meaning of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991 and Chapter 4112 of the Ohio Revised Code in that it employed at all times material hereto more than fifteen (15) employees.

3.  Defendant is a corporation duly organized under the laws of the state of Ohio, with a place of business in the County of Lucas, State of Ohio. Defendant at all times had more than fifteen (5) employees is also an employer within the meaning of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991 and Ohio Revised Code Chapter 4112.

## GENERAL ALLEGATIONS

4. Plaintiff, an African-American female individual, brings this action for damages for unlawful discipline and harassment.  Plaintiff alleges that the Defendant acted in violation of the Ohio Civil Rights Act, Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991 and in violation of 42 U.S.C. Section 1981.

5. Plaintiff began working for Defendant in December of 2009 as a Collection Supervisor.

6. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations..

7. Starting on February 13, 2019 and continuing, the Defendant has subjected Plaintiff to retaliation and racially disparate terms and conditions of employment and discipline.

8.  Plaintiff was the object of adverse action  and was disciplined due to her race. Tracy Dean, a Caucasian Collection Director, and Anthony Kitchen, a Caucasian individual in Human Resources, frequently scrutinized Plaintiff's work and her authority as a supervisor.  On February 13, 2019, Plaintiff was put on an action plan and on February 20, 2019, Mr. Dean changed it from an Action Plan to a Development Plan.  Plaintiff has further been placed under investigation for false accusations.

9.  Plaintiff states that similarly situated Caucasian individuals have been afforded a much more lenient policy and were not subjected to investigation or Development Plans.

### FIRST CLAIM FOR RELIEF
### Racial Discrimination—42 U.S.C. Section 1981

10. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nine (9) of this Complaint, supra, by reference in its entirety as if fully restated herein.

11. Plaintiff is an African-American individual.

12. Plaintiff began working for Defendant in December of 2009 as a Collection Supervisor.

13. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations..

14. Starting on February 13, 2019 and continuing, the Defendant has subjected Plaintiff to retaliation and racially disparate terms and conditions of employment and discipline.

15. Plaintiff was employed in a hostile job environment of the basis of race and gender. Plaintiff's supervisor was often hostile and aggressive when dealing with Plaintiff. He further spoke unprofessionally about Plaintiff to Plaintiff's co-workers regarding Plaintiff's educational achievements and about Plaintiff's work experience. He forced Plaintiff to work in unstable work areas while others were allowed permanent work locations. Plaintiff was routinely forced to work at the bottom and in lowest work areas and refused to have professional discussions with Plaintiff about these issues. In early August, Plaintiff was harassed by his supervisor for taking days off to go out of state because of his ill father, when the supervisor had been made aware of this situation and when Plaintiff had PTO time available. Plaintiff was ultimately constructively discharged by Defendant on August 22, 2019. Working conditions were such that a reasonable person would have felt compelled to leave employment under the same circumstances experienced by Plaintiff in the workplace with Defendant.

16. Plaintiff was the object of adverse action and was disciplined due to her race. Tracy Dean, a Caucasian Collection Director, and Anthony Kitchen, a Caucasian individual in Human Resources, frequently scrutinized Plaintiff's work and her authority as a supervisor. On February 13, 2019, Plaintiff was put on an action plan and on February 20, 2019, Mr. Dean changed it from an Action Plan to a Development Plan. Plaintiff has further been placed under investigation for false accusations.

17. Plaintiff states that similarly situated Caucasian individuals have been afforded a much more lenient policy and were not subjected to investigation or Development Plans.

18. In harassing and disciplining Plaintiff, Defendant has intentionally discriminated against her on the basis of his race in violation of 42 U.S.C. Section 1981.

19. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered adverse action on her employment record, the loss of back wages including overtime wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

.

## SECOND CLAIM FOR RELIEF
### Ohio Revised Code 4112.02, Racial Discrimination

20. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nineteen (19) of this Complaint, supra, by reference in its entirety as if fully restated herein.

21. Plaintiff is an African-American individual.

22. Plaintiff began working for Defendant in December of 2009 as a Collection Supervisor.

23. Plaintiff was at all times meeting or exceeding her employer's legitimate expectations..

24. Starting on February 13, 2019 and continuing, the Defendant has subjected Plaintiff to retaliation and racially disparate terms and conditions of employment and discipline.

25. In harassing and disciplining Plaintiff, Defendant has intentionally discriminated against her on the basis of her race in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

26. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered adverse action on her employment record, the loss of back wages including overtime wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great

mental and emotional stress, anxiety, humiliation and embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment for back pay, lost overtime pay, judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

s/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Inez Phillips

### JURY DEMAND

Plaintiff demands a trial by a jury of her peers on all issues triable of right by jury.

Respectfully submitted,

s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff